## SUPREME COURT.

### The People *ex rel.* Thomas Tobano agt. The Governors, &c., of the House of Refuge.

The managers of the House of Refuge, in the city of New-York, have the power in their discretion, to put to service, and to bind out children convicted of vagrancy, &c., received by them, during their minority, to persons *residing out of this state.* There is nothing in the charter limiting the employment of such children to the premises of the institution, or their binding out to persons residing within the state.

And where on *habeas corpus,* the managers return that the child has been placed by them at employment with a person residing out of this state, where he still remains, it is a sufficient excuse for the non-production of such child.

*New-York Special Term, December,* 1859.

A WRIT of *habeas corpus,* issued on the petition of the father of Thomas Tobano, directed to the Governors, &c., of the House of Refuge, commanding them to produce the body of said Thomas, &c., was served upon the officers of that institution, to which they returned, that at the time of the allowance of said writ, the said Thomas was not nor had been at any time since, nor was he now, in their possession or custody, or under their control, power or restraint, or by them restrained of his liberty; that the said Thomas, in August, 1857, was convicted as a vagrant, and committed to the House of Refuge; that he was received under such commitment, being a prisoner, and remained until April, 1858, when he was placed by the managers of said institution at employment with Wesley McDowell, of Lexington, Illinois; but that no indentures of apprenticeship had been executed; and hence the respondents were unable to produce the body of said Thomas as commanded by said writ.

S. H. Stewart, *for petitioner.*
H. A. Cram, *for respondents.*

JAMES, Justice. The only question presented for consideration, is the sufficiency of the excuse offered by the return for the non-production of the body of Thomas Tobano. The truth of the return not being controverted, it appears that the respondents have not at the time of granting the writ, nor at any time since, the custody or possession of the person named; and although they had such custody at a time long prior to the granting of such writ, it does not appear that such custody was parted with in bad faith, or for the purpose of unlawfully restraining the said Thomas of his liberty, or of evading the command of said writ.

It is, however, insisted by counsel that the excuse is wholly insufficient; that the transfer of said Thomas to McDowell, was wholly without authority, illegal and void; that the managers of the House of Refuge, by the terms of their charter, could only put the said Thomas to employment within the premises of that institution, or bind him out to some person residing within the state; and that having sent him beyond the state, they should be compelled to produce him in answer to the command of the writ.

The statute of 1824, authorizes the managers of the House of Refuge to receive children convicted of vagrancy, and gives power to place them during their minority, at employment suitable to their years and capacities, and in the discretion of said managers, with the consent of said children, to bind them out as apprentices, servants, &c. The legal rights of the respondents, therefore, to place the said Thomas at employment is clear; and the question of binding him was a matter wholly in their discretion. There is nothing in the act limiting the employment of such children to the premises of said institution, or their binding out to persons residing within the state. Such a construction would greatly circumscribe the institution in its efforts to care for the well being of those committed to its charge, without benefiting any one. The statute wisely gives to the board of managers a broad discretion in the matter, leaving to their determination the kind of employment and instruction, the persons with whom, and the place where

it shall be given; and I can see no necessity of its being limited to this city or this state. . So long as the future well being of the child is considered, if suitable persons can be found out of the state, who will take charge of them, I see no legal objection to this selection.

In this case, the respondents made a lawful disposition of Thomas. For aught that appears or is produced, he is in the care and custody of a proper and suitable person. He is not now, nor was not at the time of granting the said writ, in the possession of the respondents; and this being so, the excuse for the non-production of the body is sufficient, and the writ should be discharged.